UNITED STATES DISTRICT COURT                    **NOT FOR PUBLICATION**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TROY HENDRIX,                                     :
                                                  :
                            Petitioner,           :
                                                  :        **MEMORANDUM & ORDER**
            - against -                           :
                                                  :
JOHN B. LEMPKE, Superintendent,                   :        No. 10 CV 4199 (ERK)
                                                  :
                            Respondent.           :
                                                  :
------------------------------------------------------------- X

KORMAN, J.:

         I assume familiarity with the underlying facts and circumstances of this case.  Briefly,

Hendrix and a codefendant were convicted of the kidnapping, torture and murder of a young

woman, and the kidnapping and rape of a teenage girl.  During Hendrix and the codefendant's

first trial on these charges, Hendrix and the codefendant violently attempted escape:

> [W]hile the jury was exiting the courtroom, [Hendrix] suddenly leapt onto the
> defense table, and proceeded towards the bench.  A court officer intercepted
> [Hendrix] and a struggle ensued.  The [trial judge] observed [Hendrix] and the
> codefendant to be in possession of two handmade knives.  During the struggle,
> [Hendrix] attempted to gain possession of a court officer's firearm.  Meanwhile,
> the codefendant, who was armed, struck his own counsel in the face, causing
> injury.  A number of court officers were injured during the melee.

*People v. Hendrix*, 63 A.D.3d 958, 958-59 (N.Y. App. Div. 2009) (2d Dep't).  Subsequently, the

trial judge declared a mistrial.  Before Hendrix's second trial began, the trial judge held a

conference – at which Hendrix was present – and ruled that Hendrix would be excluded from the

courtroom during the second jury trial, although he would be able to observe the trial in real time

via audio and video link, and be able to communicate with his attorney by telephone.

In his petition for a writ of habeas corpus, Hendrix argues that this ruling violated his constitutional right to be present at the second jury trial. In its ruling on Hendrix's direct appeal, the Appellate Division considered this argument and rejected it on the merits:

> Contrary to [Hendrix's] contention, the Supreme Court properly determined that he forfeited his statutory and constitutional rights to be present at his trial. The Supreme Court providently exercised its discretion in directing that he was to participate in his trial through the use of audio and video transmissions. Considering, among other things, the violent nature of a defendant's conduct, the Supreme Court was not obligated to afford the defendant an opportunity to attend the second trial without a warning that any disruptive conduct would result in his removal from the courtroom.

*Id*. at 959 (citations omitted).

In his brief, Hendrix identifies *Illinois v. Allen*, 397 U.S. 337 (1970) as the relevant "clearly established federal law as determined by the Supreme Court of the United States." *See* Pet. Br. at 8-9, ECF No. 1. Specifically, Hendrix argues that the trial judge was required to warn him "that disruptive conduct would lead to removal" and that his right to be present was violated because the trial judge did not give him "the chance to demonstrate he could avoid any further disruptive behavior." Pet. Br. at 9. Had Hendrix merely acted in a manner that was "disorderly, disruptive, and disrespectful of the court[,]" 397 U.S. at 343, *Allen* could be read to require the trial judge to provide a warning to Hendrix before excluding him from the courtroom for the second jury trial. Hendrix's conduct at the first jury trial, however, was not simply a "disregard . . . of elementary standards of proper conduct[.]" *Id.* Indeed, Hendrix's conduct during the first jury trial was part of a coordinated escape attempt that involved a violent attack on an attorney and a court officer that led to several injuries and the declaration of a mistrial. Such conduct – for which Hendrix was later convicted of attempted robbery, attempted assault, and attempted escape – is far beyond the "obstreperous" behavior discussed in *Allen*. *See id*. Thus, the Appellate Division's holding is not contrary to or an unreasonable application of the law.

Moreover, Hendrix does not argue that he was prejudiced by his physical absence from the second jury trial. Because he was able to observe the trial via audio and video link in real time and communicate with his attorney by telephone, if any error was made in excluding him from the courtroom, it was harmless. *See Jones v. Murphy*, 694 F.3d 225, 235 (2d Cir. 2012) (erroneous exclusion from courtroom is subject to harmless error analysis).

The petition is **DENIED**. I decline to issue a certificate of appealability.

SO ORDERED.

Brooklyn, New York
June 21, 2013

/s/_____
Edward R. Korman
Senior United States District Judge